**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Anthony Patrick BAIO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 2005.

Filed May 1, 2006.

---

Erv D. McLain, Bethlehem, for appellant.

John M. Morganelli, Assistant District Attorney, Easton, for Commonwealth, appellee.

BEFORE: DEL SOLE, P.J., STEVENS and McCAFFERY, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant ostensibly appeals from the April 11, 2005 order entered by the Court of Common Pleas of Northampton County removing Appellant from Northampton County Prison's work release program because his conviction under 35 P.S.

§ 780–113(a)(30), Delivery of a Controlled Substance, to wit, cocaine, precludes participation in work release under 18 Pa. C.S.A. § 7508(c).[1] Rather, as explained *infra*, Appellant is actually appealing from his modified judgment of sentence as effected in the court's companion written orders of February 14, 2005 and February 22, 2005. Because the present appeal is thus untimely filed from the orders modifying judgment of sentence,[2] we quash.

¶ 2 The notes of testimony from Appellant's sentencing hearing establish that Appellant pled guilty to one count under Section 13(a)(30) for his delivery of 3.7 grams of cocaine in a controlled buy. After the Commonwealth clarified that mandatory sentencing provisions under Section 7508(a)(3) and (c) applied to Appellant's case, counsel for Appellant asked the court to grant work release to Appellant. The county office of probation supported this request both in its pre-sentence report and at the hearing, where the authoring probation officer indicated that this was his first such recommendation in a case of this kind in six years. N.T. 2/11/05 at 7. The Commonwealth neither endorsed nor opposed the pre-sentence report recommendation other than to state that work release was not a condition to the negotiated plea, and that the "sentence of the court should be in accordance with the [Section 7508] statutory scheme." N.T. at 8. Based on the report's recommendation, the sentencing court imposed a mandatory term of imprisonment of "one year to 26 months[ ] [with]

eligib[ility] for work release under the rules of state parole." N.T. at 9. Appellant's written sentencing order of February 11, 2005 included a notation granting Appellant eligibility for work release.

¶ 3 Filed pursuant to Appellant's motion and docketed as an order to "modify/amend" Appellant's sentence, a February 14, 2005 order of the court "converted" Appellant's sentence to a "county sentence[,]" and directed that Appellant serve it in the Northampton County Prison. The order further directed, however, that "[Appellant] shall not be released on furlough or house arrest until further order of this court and the opportunity to be heard by the Commonwealth and Defendant." C.R. at 20.

¶ 4 On February 18, 2005, the court heard argument on the issue of work release. Specifically, the Commonwealth opposed work release in this case as a direct violation of both Section 7508(c) and case-law interpreting the statute. N.T. 2/18/05 at 3–4. Counsel for Appellant countered that Section 7508(c)'s mandate against a court placing a subject offender in work release did not prevent a court from simply making the offender "eligible" for work release and leaving it to the prison to decide whether work release would best suit its housing demands:

COUNSEL: Once the Court has sentenced the defendant, I don't believe that the particular statutory requirement impacts the way our prison system deals with its housing circumstances. I

---

1. Section 7508(c) provides, in pertinent part:
 (c) MANDATORY SENTENCING.— There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole, work release or prerelease or to suspend sentence.
 \* \* \* \* \* \*
 18 Pa.C.S.A. § 7508(c).

2. We have changed the caption of the present case to reflect that the present appeal is taken from the judgment of sentence as amended on February 22, 2005.

understand this court cannot order that my client be made immediately eligible for work release. I recognize that. That's not what I'm asking. The order that was entered the last time [the February 14, 2005 order modifying sentence] was that he was put into a County term in the County imprisonment, but the prison—the Court was imposing upon the prison that the prison couldn't do anything absent an Order by the Court, and I don't think that is appropriate even under this statute. The prison has to be entitled to deal with its housing situation the way it sees fit. It has to be able to deal with the inmates that it houses in a fashion which is appropriate for the prison and the prison personnel.

N.T. 2/18/05 at 5. The Commonwealth responded that "the prison cannot circumvent the sentence of the defendant, which is a one year mandatory, or the law through its own policies...." N.T. 2/18/05 at 5.

¶ 5 On February 22, 2005, the sentencing court entered an order denying Appellant's "request" for immediate work release. In the "RATIONALE" section of its order, the court explains that Section 7508(c) prevents it from granting Appellant's request "for immediate work release and any other program the prison deems appropriate." Neither party appealed from the February 14, 2005 or February 22, 2005 orders modifying sentence.

¶ 6 In early April of 2005, the sentencing court learned that the Northampton County Prison had acted on the original written sentencing order and placed Appellant in its work release program. The sentencing court immediately entered another order, dated April 11, 2005, "that no further work release shall be provided to said Defendant, the rationale being set forth in this Court's prior Order dated February 22, 2005." The order was filed on April 19, 2005. After his motion for reconsideration was denied, Appellant filed the present appeal.

¶ 7 Appellant raises two questions for our review:

**I. DID THE HONORABLE COURT COMMIT AN ERROR OF LAW WHEN IT HELD THAT IT DID NOT HAVE THE AUTHORITY TO INCLUDE IN THE DEFENDANT'S SENTENCE AN ELIGIBILITY FOR WORK RELEASE IN THE FACE OF THE MANDATE OF 18 Pa.C.S. § 7508(c)?**

**II. REGARDLESS OF THE APPROPRIATENESS OF THE ORDER PROVIDING FOR ELIGIBILITY FOR WORK RELEASE, DID THE HONORABLE COURT RETAIN JURISDICTION TO MODIFY THE ORDER BEYOND THIRTY (30) DAYS?**

Brief for Appellant at 7.

¶ 8 Before we conduct review on the merits, the procedural history recited above leads us to *sua sponte* raise the question of appealability, as the April 11, 2005 order from which Appellant claims to appeal simply reissued the same directive contained in the February 22, 2005 order modifying sentence. *See Commonwealth v. Dreves*, 839 A.2d 1122 (Pa.Super.2003) (the question of appealability implicates the jurisdiction of this Court and may be raised by the Court *sua sponte*). In response to Appellant's motion for immediate work release, the sentencing court issued its February 14, 2005 order modifying sentence by changing Appellant's placement from state to county prison. In that order, the court specifically stated that it would defer resolving the question of work release to a future order to be entered after hearing argument on the question. After argument, where Appellant himself conceded

the issue was not of the immediacy of Appellant's enrollment in work release but his eligibility for it altogether, the court entered its February 22, 2005 order denying Appellant's request because Section 7508(c)'s mandate prevented immediate work release or any other program the prison would deem appropriate.

¶ 9 Therefore, with the court's February 22, 2005 order entered on the court's records, Appellant had notice that the court had declared him ineligible for any work release program the prison may offer, and was thus bound to appeal that sentence within 30 days pursuant to Pa. R.Crim.P. 720(A)(2)(a). Appellant filed his appeal on May 16, 2005, more than 30 days after the imposition of his sentence. Under this record, we reject Appellant's description of this appeal as properly taken from the April 11, 2005 order of the court, as that order simply sought to enforce the court's prior order modifying sentence. Accordingly, we quash the present appeal as untimely filed.

¶ 10 Even if we were to review Appellant's appeal as properly taken from the April 11, 2005 order, we would determine it is without merit. Generally, a court "may modify or rescind any order within 30 days after its entry, if no appeal has been taken." *Commonwealth v. Klein*, 566 Pa. 396, 781 A.2d 1133, 1135 (2001) (citing 42 Pa.C.S.A. § 5505). However, the court has "inherent powers to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the [thirty day] term." *Id.* (citations omitted). Included among these exceptional circumstances to Section 5505's jurisdictional time limits is where the court *sua sponte* corrects an illegal sentence originally imposed, even after the defendant has begun serving the original sentence. *Common-*

*wealth v. Santone*, 757 A.2d 963 (Pa.Super.2000); *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235, 1239 (1994) (recognizing respective challenges of an illegal, patently contradictory, or fraudulently procured sentence as excepted from the jurisdictional time limit imposed by Section 5505). *See also In the Interest of K.R.B.*, 851 A.2d 914 (Pa.Super.2004) (finding an amended order subject to Section 5505's time limits because it added a penalty that was discretionary, rather than mandatory, under statute).

¶ 11 If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. *Commonwealth v. Randal*, 837 A.2d 1211 (Pa.Super.2003). Here, the court's original sentencing order of February 11, 2005 effected an illegal sentence because it directly contravened Section 7508(c)'s proscription against placing drug traffickers in work release programs. Accordingly, had the court not already modified that sentence on February 22, 2005, it would still have been within its jurisdiction to correct it in its April 11, 2005 order without violating the time limits imposed by Section 5505.

¶ 12 Appellant's remaining challenge is that the court committed legal error when it ruled that Section 7508(c) prohibited Appellant's participation in work release. Appellant argues that Section 7508(c) as written would permit a drug trafficker to participate in work release provided the court merely designated him as "eligible," and it was the prison that made the ultimate placement under its own prison housing rules. This argument is frivolous.

¶ 13 "The legislature established mandatory minimum sentences for drug trafficking convictions by enacting 18 Pa. C.S.A. § 7508. Section 7508 sets forth the

minimum penalties that apply to specific drug offenses. The terms of the statute are clear that sentences may not deviate from the minimum limits set forth by Section 7508(a)." *Commonwealth v. Vasquez,* 560 Pa. 381, 744 A.2d 1280 (2000). This is in keeping with the long recognized purpose of the mandatory minimum sentencing statute "to deter drug traffickers with the imposition of harsh penalties." *Commonwealth v. Logan,* 404 Pa.Super. 100, 590 A.2d 300, 302 n. 6 (1991), *allocatur denied,* 528 Pa. 622, 597 A.2d 1151 (1991). This Court has invoked the plain language and purpose of Section 7508 in holding that the statute precluded placing a convicted drug trafficker in an alternative program for female offenders. *Commonwealth v. Acie,* 418 Pa.Super. 351, 614 A.2d 308 (1992).

¶ 14 For purposes of this clear authority, the original sentence designating Appellant as work release eligible was the functional equivalent of placing Appellant in work release in direct contravention of Section 7508. The record is susceptible of no other reasonable reading. To adopt any other construction to the words and history of the statute would eviscerate the mandatory minimum provisions as applied to drug traffickers. To permit prison rules, a product of enabling statutes, to override Section 7508's mandate would render Section 7508's general pronouncement that it supercedes "any other provisions of this or any other act to the contrary" meaningless. Indeed, we discern no way that a prison could independently authorize work release to a prisoner in derogation of a court's express imposition of a mandatory minimum sentence and Section 7508's prohibition against work release. Not surprisingly, Appellant directs us to no authority permitting this result, and the authority he does cite regarding the interplay between constitutional rights and prison rules are wholly inapposite to the issue in this case. Accordingly, we would reject Appellant's claims on the merits were we to conduct such a review.

¶ 15 Appeal is quashed.

