J-S01010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLIFFORD ANTHONY WILSON, | |
| Appellant | No. 422 WDA 2014 |

Appeal from the Judgment of Sentence entered on August 15, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0002854-2012

BEFORE:  GANTMAN, P. J., JENKINS, J., and MUSMANNO, J.

DISSENTING STATEMENT BY JENKINS, J.:        **FILED FEBRUARY 23, 2015**

I respectfully dissent from the majority's decision to vacate Clifford

Wilson's sentence and remand for re-sentencing.  In my view, his sentence

is legal, and there is no **Alleyne**[1] error.

The majority remands for re-sentencing based on its conclusion that

the trial court imposed a mandatory minimum sentence under 42 Pa.C.S. §

9712 in violation of **Alleyne**.  My review of the record indicates that the trial

court did not invoke section 9712 or sentence Wilson to a mandatory

minimum.  The trial court states in its opinion that it did not verbally

mention section 9712 at sentencing or apply it in Wilson's sentence.  Trial

Court Opinion, pp. 11-12 (citing N.T., 8/15/13, pp. 4, 7-12).  Nor does the

---

[1] **Alleyne v. United States**, -- U.S. --, 133 S.Ct. 2151 (2013).

judgment of sentence refer to section 9712 or suggest that Wilson received a mandatory minimum sentence. The only references to the mandatory minimum are handwritten notations ("five years" and "section 9712") in the sentencing guidelines forms. The trial court did not sign these forms; they are merely stamped, at the bottom, "by the court".[2] The guidelines forms are mere reporting devices to the Pennsylvania Commission on Sentencing. They do not replace or supplement the judgment of sentence, which, as stated above, does not refer to the mandatory minimum.

The notations in the sentencing guideline forms appear to be mere clerical errors which the trial court can correct at any time. ***Commonwealth v. Baio***, 898 A.2d 1095, 1099 (Pa.Super.2004) (court has inherent powers to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after lapse of 30 day term for modification of orders). I respectfully submit that a simple order amending the guideline forms to eliminate the handwritten notations is the proper remedy instead of a new sentencing hearing.

---

[2] Further, the guidelines form for Wilson's robbery conviction lists the wrong subsection of the robbery statute. Wilson was sentenced under 18 Pa.C.S. § 3701(a)(1)(ii) (robbery by "threaten[ing] another with or intentionally put[ting] him in fear of immediate serious bodily injury"). The guidelines form states erroneously that he was sentenced under section 3701(a)(1)(i) (robbery by "inflict[ing] serious bodily injury upon another").