J-S23024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK HYMAN | : | |
| | : | |
| Appellant | : | No. 2185 EDA 2017 |

Appeal from the PCRA Order June 26, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002579-2007

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 26, 2018**

Appellant Frank Hyman appeals from the order dismissing his timely first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Because the PCRA court did not enter a final order dismissing the PCRA claims, we quash.

On April 20, 2011, following a jury trial, Appellant was sentenced to twenty to forty years' incarceration for attempted murder and aggravated assault.[1] Appellant filed a direct appeal, and on October 25, 2013, this Court affirmed the trial court's judgment of sentence. ***Commonwealth v. Hyman***, 1422 EDA 2011 (Pa. Super. filed Oct. 25, 2013) (unpublished mem.). On

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a) and 2702(a)(1).

March 18, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Hyman***, 87 A.3d 317 (Pa. 2014).

On August 5, 2014, the PCRA court docketed Appellant's timely first *pro se* PCRA petition raising several claims of trial counsel's ineffectiveness and challenging discretionary aspects of his sentence. Thereafter, the court appointed PCRA counsel, who filed an amended PCRA petition on May 3, 2016. The matter was not relisted until February 27, 2017.[2] A docket entry for that date indicated that a Pa.R.Crim.P. 907 notice of intent to dismiss was "to be sent[,]" and the matter was relisted for formal dismissal.[3] (***See*** PCRA Court Docket, No. CP-51-CR-0002579-2007, at 19). On June 26, 2017, the PCRA court purported to formally dismiss Appellant's PCRA petition.[4]

On July 7, 2017, Appellant filed a notice of appeal and subsequently complied with the PCRA court's order to file a concise statement pursuant to Pa.R.A.P. 1925(b). Therein, he claimed that the PCRA court erred in dismissing Appellant's claims of ineffective assistance of counsel and in denying his request for an evidentiary hearing. On September 7, 2017, the

---

[2] The PCRA court issued an order to comply on December 23, 2016, and the Commonwealth subsequently filed its response to Appellant's petition on February 10, 2017.

[3] We note that the record does not contain a copy of the Rule 907 notice.

[4] The docket contained two entries for June 26, 2017: (1) "PCRA - Dismissal Notice Under Rule 907 Filed[;]" and (2) Order Dismissing PCRA Petition. Both entries also state that the matter was "formally dismissed." ***See*** Docket, CP-51-CR-0002579-2007, at 19-20.

PCRA court issued a Rule 1925(a) opinion that thoroughly addressed the merits of those claims.

Appellant raises the following issues for our review:

1. Whether the court erred in not granting relief on the PCRA petition alleging [t]rial [c]ounsel and/or [a]ppellate [c]ounsel was ineffective.

2. Whether the [c]ourt erred in denying [Appellant's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding [t]rial [c]ounsel's ineffectiveness.

Appellant's Brief at 8.

As a prefatory matter, we must address whether this appeal is properly before us. We may raise issues concerning our jurisdiction *sua sponte*. ***Commonwealth v. Baio***, 898 A.2d 1095, 1098 (Pa. Super. 2006).

In general, appeals are properly taken from final orders. ***Commonwealth v. Scarborough***, 64 A.3d 602, 608 (Pa. 2013). "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. When a PCRA petition is dismissed without a hearing, the court must promptly "issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed." Pa.R.Crim.P. 907(4).

The order must also be filed and served in accordance with Pennsylvania Rule of Criminal Procedure 114. ***Id.*** Rule 114 provides, in part:

- 3 -

(1) All orders and court notices promptly shall be transmitted to the clerk of courts' office for filing. Upon receipt in the clerk of courts' office, the order or court notice promptly shall be time stamped with the date of receipt.

(2) All orders and court notices promptly shall be placed in the criminal case file.

Pa.R.Crim.P. 114.

Finally, Pennsylvania Rule of Appellate Procedure 108 states, in relevant part, "[I]n computing any period of time under these rules involving the date of entry of an order . . . the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1); *see also* Pa.R.A.P. 108(d)(1).

Our review of the certified record reveals that no formal order was entered into the record.[5] While it appears that the PCRA court intended to dismiss Appellant's petition on June 26, 2017, and may have done so orally, the court did not enter a final order as required by Rules 907 and 114.

_____

[5] The PCRA court, Appellant, and the Commonwealth refer to June 26, 2017 as the date on which Appellant's PCRA was dismissed. Given that the parties agree that the petition was dismissed on June 26, 2017, and Appellant filed a notice of appeal within thirty days of the purported dismissal we attempted to resolve the procedural error by conducting an informal inquiry with the PCRA court. However, we were informed that the PCRA court did not file an order dismissing the petition.

Accordingly, we conclude that the PCRA court has yet to enter a final order dismissing Appellant's PCRA petition. Therefore, we must quash this appeal.[6]

Appeal quashed.

Judge Shogan joins in this memorandum.

P.J.E. Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18

---

[6] We note that Appellant may file a notice of appeal within thirty days of the date on which the PCRA court enters its final order disposing of Appellant's PCRA petition.