J-S23026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DONALD SHERRILL SR. | : | |
| | : | |
| Appellant | : | No. 2459 EDA 2017 |

Appeal from the Judgment of Sentence April 17, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007125-2016

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 28, 2018**

Appellant David Donald Sherrill, Sr. purports to appeal from the judgment of sentence entered following his *nolo contendere* plea to involuntary deviate sexual intercourse (IDSI) with a child.[1] Appellant asserts that his sentence is excessive and that the sentencing court failed to consider his rehabilitative needs. For the reasons that follow, we quash.

The procedural case of this appeal is as follows. Appellant was initially charged with committing sexual offenses against the victim, J.T., who was born in October 2002, from the time the victim was ten or eleven years old until he was thirteen. The victim and his mother reported the abuse to the police in 2016, when the victim was thirteen years old.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3123(b).

On April 17, 2017, Appellant pleaded *nolo contendere* to one count of IDSI with a child. Appellant expressly waived the right to have sentencing deferred until the completion of an evaluation by the Sexual Offenders Assessment Board (SOAB) and a determination of his status as a sexually violent predator (SVP). The trial court sentenced Appellant to twelve to thirty-six years' incarceration immediately after accepting Appellant's plea.

On April 26, 2017, Appellant filed a motion to modify and for reconsideration of sentence, asserting that he had additional information to present to the court and additional witnesses to testify on his behalf. A hearing on the motion for reconsideration was commenced on June 7, 2017. The hearing was continued to June 27, 2017, to permit Appellant to present his witnesses to the trial court. Thereafter, the court denied Appellant's motion.

Appellant filed a notice of appeal within thirty days of the order denying his post-sentence motion. Appellant complied with the trial court's order to submit a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and raised a single issue challenging the discretionary aspects of the trial court's sentence. The trial court filed an opinion in compliance with Pa.R.A.P. 1925(a).

Meanwhile, the SOAB completed its evaluation of Appellant and recommended that Appellant be designated as an SVP. Appellant obtained an independent expert who opined that Appellant was not an SVP. On October 13, 2017, the trial court conducted an SVP hearing at which the SOAB

evaluator and Appellant's expert testified. The trial court deferred its final determination of Appellant's SVP status and ordered that briefs be filed.

On November 17, 2017, Appellant filed a brief asserting that the SVP statute was declared unconstitutional in this Court's October 31, 2017 decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017).[2] The record contains no further activities, orders, or docket entries indicating that the trial court decided the issue of Appellant's SVP status.

On February 21, 2018, significant amendments to SORNA took effect. **See** 2018, Feb. 21, P.L. 27, No. 10 (Act 10). The purpose of the amendments was, in part, to address the concerns raised in **Butler**. **See** 42 Pa.C.S. § 9799.11(b)(4).

As noted above the sole issue raised in this matter is a challenge to the discretionary aspects of the April 17, 2017 sentence of imprisonment. Appellant's Brief at 4 (stating the question involved as "[w]hether a sentence of twelve to thirty-six years['] incarceration was excessive?").

As a prefatory matter, we address whether this appeal is properly before us. **See Commonwealth v. Baio**, 898 A.2d 1095, 1098 (Pa. Super. 2006)

---

[2] In **Butler**, this Court held that the SVP determination under the former version of the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended Feb. 21, 2018), violated **Alleyne v. United States**, 570 U.S. 99 (2013), by permitting a judge to determine whether an offender was an SVP by clear and convincing evidence rather than by proof beyond a reasonable doubt. **See Butler**, 173 A.3d at 1218. Critical to the analysis in **Butler** was that the registration requirements in the former version of SORNA constituted punishment. **See id.** at 1216 (discussing **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017)).

(questions regarding this Court's jurisdiction may be raised *sua sponte*). In general, appeals are properly taken from final orders. *See* Pa.R.A.P. 341(b) (defining a final order, in part, as "any order that . . . disposes of all claims and of all parties"); *Commonwealth v. Scarborough*, 64 A.3d 602, 608 (Pa. 2013).

In *Commonwealth v. Schrader*, 141 A.3d 558 (Pa. Super. 2016), the defendant waived a presentence SOAB assessment, and the trial court imposed sentence. *Id.* at 561. The defendant did not take an appeal from the imposition of sentence. *Id.* Approximately three-and-a-half months later, the court convened an SVP hearing and determined that the defendant was an SVP. *Id.* The defendant appealed from the SVP order and challenged both the sentence and the SVP determination. *Id.*

The *Schrader* Court found Appellant's appeal to be timely. The Court concluded "where a defendant pleads guilty and waives a pre-sentence SVP determination, the judgment of sentence is not final until that determination is rendered." *Id.* at 561. In support, the Court emphasized that "the imposition of SVP status is a component of the judgment of sentence." *Id.* at 562 (citation and quotation marks omitted).

Applying *Schrader* to the present case, we are constrained to quash this appeal. Although the trial court imposed a sentence of imprisonment on April 17, 2017, Appellant expressly waived his right to a presentence SOAB examination and consented to subsequent hearing to determine his SVP status. The trial court held an SVP hearing on October 13, 2017. However,

it did not enter an order deciding the SVP issue.[3]  **See** Pa.R.A.P. 301(a)(1) (requiring that an appealable order be entered upon the appropriate docket in the lower court).  With the recent enactment of Act 10, there remains a possibility that the court could conduct further proceedings on the question of Appellant's SVP status.  **Cf.** 42 Pa.C.S. § 9799.24; **cf. also** 1 Pa.C.S. § 1922(3) (setting forth the presumption that acts of the General Assembly are constitutional).  Thus, the April 17, 2017 sentencing order is not final, and the judgment of sentence will not be final until the trial court enters an order deciding the SVP issue.  **See Schrader**, 141 A.3d at 561.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/28/18

---

[3] In response to an informal inquiry by this Court, the trial court indicated that it cancelled any further hearing on the issue of Appellant's SVP status.  The court also suggested that it did not find Appellant to be an SVP in light of **Butler**.  However, the trial court was not able to locate a signed order memorializing its findings and conclusions.