J-S05039-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ROBIN DEWAYNE ROBERTS | : | |
| Appellant | : | No. 1279 WDA 2018 |

Appeal from the PCRA Order Entered August 13, 2018
in the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000297-2016

BEFORE: PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

JUDGMENT ORDER BY STRASSBURGER, J.: FILED APRIL 25, 2019

Robin Dewayne Roberts (Appellant) appeals from an order purportedly entered August 13, 2018. Because no such order exists, and Appellant's appeal is otherwise premature, we quash this appeal.

On January 4, 2017, Appellant pleaded guilty to one count each of involuntary deviate sexual intercourse with a child, sexual assault, and incest of a minor, and 10 counts each of corruption of minors, indecent assault, and endangering the welfare of a child. On May 30, 2017, Appellant was sentenced in the aggregate to 7 to 14 years of incarceration. No direct appeal was filed.

On December 12, 2017, Appellant filed pro se a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The PCRA court appointed Gary Graminski, Esquire, to represent Appellant. Appellant filed an amended PCRA petition on February 13, 2018, alleging ineffectiveness of

---

* Retired Senior Judge assigned to the Superior Court.

Appellant's plea counsel. A PCRA hearing was held. On July 24, 2018, the PCRA court entered an order stating that "[t]he parties are now on notice that the PCRA petition will be dismissed 20 days from this date." Order, 7/24/2018, at 3 (numbering supplied). However, the PCRA court never entered a subsequent order dismissing the PCRA petition.

On August 27, 2018, the PCRA court docketed a letter from Appellant to Attorney Graminski. In the letter, Appellant informed Attorney Graminski that he planned to file pro se a notice of appeal to preserve his right to appeal, but he wished for Attorney Graminski to represent him on appeal. Pro se Letter, 8/27/2018, at 1. On August 29, 2018, Appellant filed pro se a notice of appeal purporting to appeal from an order entered August 13, 2018.

Subsequently, this Court ordered the PCRA court to determine the status of Attorney Graminski's representation. The PCRA court confirmed that Attorney Graminski continued to represent Appellant. Both Appellant (through Attorney Graminski) and the PCRA court complied with Pa.R.A.P. 1925.

Before we address the merits, we must determine whether we have jurisdiction to hear this appeal. See Commonwealth v. Baio, 898 A.2d 1095, 1098 (Pa. Super. 2006) (questions regarding this Court's jurisdiction may be raised sua sponte). Generally, an appeal may only be taken from a final order. See Pa.R.A.P. 341. The August 13, 2018 order from which Appellant purports to appeal does not exist. See PCRA Court Opinion, 11/2/2018, at 1-2. The most recent PCRA court order was entered on July

- 2 -

24, 2017, and it merely indicated the court's forthcoming intent to dismiss the PCRA petition.[1]  Therefore, the July 24, 2017 order does not constitute a final order, rendering Appellant's appeal premature.[2]

Based on the foregoing, we quash this appeal as prematurely filed.[3]

Appeal quashed.  Jurisdiction relinquished.

_____

[1] It is unclear why the PCRA court did not simply dismiss the petition.  Although the rules require a PCRA court to give advance notice of intent to dismiss a PCRA petition without a hearing, this requirement does not exist for dismissal orders following an evidentiary hearing.  Compare Pa.R.Crim.P. 907(1) (requiring notice of intent to dismiss to provide petitioner with opportunity to respond in cases without a hearing) with Pa.R.Crim.P. 908(D)(1) (requiring prompt issuance of an order denying relief following a hearing).

[2] This Court may address a premature appeal when the subsequent actions of the PCRA court fully ripen it.  See Pa.R.A.P. 905 ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").  Here, the PCRA court took no further action in this case, leaving the PCRA matter still pending.

[3] We note that Attorney Graminski filed a brief arguing that Appellant's issues were without merit, but he neither filed a corresponding application to withdraw nor followed the procedures for a no-merit brief required by Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).  Attorney Graminski appears to be under the mistaken belief that he cannot follow the Turner/Finley procedure on appeal.  See Appellant's Brief at 8 ("There was no opportunity to file a Finley letter … to address the lack of merit [of an appeal], so this somewhat unconventional brief will honestly and plainly address this matter.").  However, Turner/Finley applies on appeal.  See Commonwealth v. Wrecks, 931 A.2d 717, 721-22 (Pa. Super. 2007) (explaining the Turner/Finley procedure to be used when the issues petitioner wants to appeal have no merit).  Had this appeal been timely filed, we would have ordered Attorney Graminski to file with our court a Turner/Finley brief and application to withdraw or an advocate's brief.  In the event of further proceedings, Attorney Graminski shall follow the Turner/Finley procedure if he believes Appellant's claims have no merit.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2019