**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER FINNEFROCK | : | |
| | : | |
| Appellant | : | No. 67 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 6, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004197-2016

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 19, 2019**

Appellant Christopher Finnefrock attempts to appeal *pro se* from the sentence imposed after he pled guilty to multiple sexual offenses. Appellant challenges the validity of his guilty plea. For the reasons that follow, we quash.

The procedural history relevant to this matter is as follows. On April 6, 2018, Appellant, who was represented by counsel, pled guilty to two counts of involuntary deviate sexual intercourse with a minor, one count of unlawful contact with a minor, and one count of corruption of minors.[1] That same day, the trial court sentenced Appellant to an aggregate sentence of eight to sixteen years' imprisonment and ten years' probation. **See** Trial Ct. Op.,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3123(b), 6318(a)(1), and 6301(a)(1)(ii), respectively.

1/23/19, at 5.  The court directed the Sexual Offender Assessment Board to determine whether Appellant was a sexually violent predator (SVP).  Appellant did not file a post-sentence motion.

While the SVP assessment was pending, Appellant's counsel filed a notice of appeal on April 24, 2018.  That appeal was docketed in this Court at 1245 EDA 2018.  Appellant's counsel subsequently filed an **Anders**/**Santiago** brief identifying a claim that Appellant's plea was coerced.  This Court affirmed the judgment of sentence on December 24, 2018, and granted Appellant's counsel leave to withdraw.  **Commonwealth v. Finnefrock**, 1245 EDA 2018 (Pa. Super. filed Dec. 24, 2018) (unpublished mem.).

Meanwhile, the trial court's docket reflects that on July 25, 2018, Appellant's counsel filed a motion to vacate the order for an SVP hearing.  The trial court granted continuances of the SVP hearing in August and October of 2018.[2]

Appellant filed the *pro se* notice of appeal giving rise to this matter.  The notice of appeal was dated December 1, 2018, was postmarked December 17,

---

[2] We note that the certified record transmitted to this Court consists of the post-sentencing matters only.   We have relied on the docket, the trial court's January 23, 2019 opinion, and this Court's prior decision in **Finnefrock**, 1245 EDA 2018, when summarizing the procedural history of this matter.

2018, and was docketed on December 19, 2018.[3]  Appellant indicated that he intended to appeal from a July 16, 2018 order.

Appellant also filed a *pro se* Pa.R.A.P. 1925(b) statement that was dated December 1, 2018, and postmarked December 20, 2018.  Appellant asserted that (1) his counsel and the trial court coerced him to enter a plea, (2) his counsel was ineffective, and (3) he attempted to raise these issues during the plea and sentencing hearing, but was unable to do so due to his total deafness and inability to speak.  *See* Appellant's Rule 1925(b) Statement, 12/20/18.

Before considering the issues set forth in Appellant's *pro se* brief, we must address whether this appeal is properly before this Court.  *See* *Commonwealth v. Baio*, 898 A.2d 1095, 1098 (Pa. Super. 2006) (questions regarding this Court's jurisdiction may be raised *sua sponte*).  The standard of our review is *de novo*, and the scope of our review is plenary.  *See* *Commonwealth v. Williams*, 106 A.3d 583, 586 (Pa. 2014)

In general, appeals are properly taken from final orders.  *See* Pa.R.A.P. 341(b)(1) (defining a final order, in part, as "any order that . . . disposes of all claims and of all parties"); *Commonwealth v. Scarborough*, 64 A.3d 602, 608 (Pa. 2013).  The party taking the appeal must file within thirty days after the entry of the order from which an appeal is taken.  Pa.R.A.P. 903(a).  "In a criminal case in which no post-sentence motion has been filed, the notice

---

[3] We note that the publicly available docket indicates that as of April of 2019, an SVP hearing has not been conducted.  Additionally, Appellant apparently filed a Post Conviction Relief Act (PCRA) petition, which the court denied.

of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3).

Instantly, by raising issues related to his plea, Appellant appears to appeal from the sentence imposed by the trial court on April 6, 2018. However, to the extent that order constituted a final order,[4] Appellant failed to file this appeal within thirty days of the imposition of sentence. *See* Pa.R.A.P. 903(c)(3).

Moreover, Appellant's *pro se* notice of appeal indicated that he intended to appeal from a July 16, 2018 order. No such order appears in the record or in the trial court's docket. Further, his *pro se* notice of appeal was filed in December of 2018. Therefore, it was untimely. *See* Pa.R.A.P. 903(a).

Lastly, our review reveals that the trial court did not enter a final order within the thirty-day period before Appellant filed his *pro se* notice of appeal. *See* Pa.R.A.P. 341. Additionally, none of the orders entered in that time period gave rise to an appeal as of right. *See* Pa.R.A.P. 311, 313.

Accordingly, Appellant has not established that this Court has jurisdiction in this matter, and we quash this appeal. *See Baio*, 898 A.2d at 1098.

---

[4] Given the limited record before this Court, we have no basis to determine whether this Court's prior decision to address the merits of Appellant's appeal was appropriate. *See Commonwealth v. Schrader*, 141 A.3d 558, 561 (Pa. Super. 2016) (concluding that "where a defendant pleads guilty and waives a pre-sentence SVP determination, the judgment of sentence is not final until that determination is rendered").

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/19/19