J-S31004-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VANCE LEON HASKELL | : | |
| | : | |
| Appellant | : | No. 952 WDA 2018 |

Appeal from the Order Entered June 21, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000731-1998

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: FILED JULY 2, 2019

Appellant, Vance Leon Haskell, appeals from the order entered on June 21, 2018, which denied his Motion to Dismiss Prosecution on Grounds of Double Jeopardy. In accordance with Commonwealth v. Taylor, 120 A.3d 1017 (Pa. Super. 2015), we remand.

In 1998, Appellant was convicted in the Erie County Court of Common Pleas of a number of crimes, including first-degree murder; he was sentenced to serve a term of life in prison. On August 1, 2017, the United States Court of Appeals for the Third Circuit granted Appellant's habeas corpus petition, thus resulting in the vacation of Appellant's judgment of sentence. See Haskell v. Superintendent Greene SCI, 866 F.3d 139 (3rd Cir. 2017). In granting Appellant's habeas petition, the Third Circuit ruled:

> [During Appellant's trial, an eyewitness named Antoinette Blue (hereinafter "Blue")] did provide consistent testimony claiming she could identify [Appellant as the] shooter. What's

> more, she claimed to expect nothing in return from the Commonwealth in exchange for her testimony. But this last claim was untrue. Both Blue and the prosecutor knew that she expected to receive help in her own pending criminal matters in exchange for her testimony. The prosecutor failed to correct Blue's statement; he even went on to rely on it and vouch for Blue in his closing argument.

Id. at 140.

The Third Circuit held that the prosecutor committed misconduct and that Appellant was entitled to habeas relief because the prosecutor "knew Blue's testimony was false and failed to correct it" and there was "a reasonable likelihood that Blue's false testimony could have affected the judgment of the jury." Id. at 146 and 152.

The Commonwealth elected to retry Appellant and the trial court initially scheduled jury selection for March 16, 2018. See Trial Court Order, 2/14/18, at 1. Prior to trial, however, Appellant filed a Motion to Dismiss Prosecution on Grounds of Double Jeopardy (hereinafter "Double Jeopardy Motion"), where Appellant claimed that the trial court should dismiss all charges against him, as the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions prevent the Commonwealth from retrying him on the charges. See Appellant's Double Jeopardy Motion, 3/12/18, at ¶¶ 1-31.

On May 25, 2018, the trial court heard argument on Appellant's Double Jeopardy Motion and, on June 21, 2018, the trial court denied the motion. Trial Court Order, 6/21/18, at 1-2. On July 2, 2018, Appellant filed a notice of appeal from the June 21, 2018 order and Appellant now claims that the trial

court erred when it denied his Double Jeopardy Motion. Appellant's Brief at 4. We must, however, remand the matter to the trial court.

As we have explained, prior to reaching the merits of any appeal, this Court must "first ascertain whether the [order appealed from] is properly appealable." Commonwealth v. Borrero, 692 A.2d 158, 159 (Pa. Super. 1997). Indeed, since "the question of appealability implicates the jurisdiction of this Court[, the issue] may be raised by [this] Court sua sponte." Commonwealth v. Baio, 898 A.2d 1095, 1098 (Pa. Super. 2006).

The current appeal does not lie from a final order and we do not have jurisdiction under Pennsylvania Rule of Appellate Procedure 311(a)(6).[1]

_____

[1] Pennsylvania Rule of Appellate Procedure 311(a)(6) declares:

> (a) General rule.--An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
> . . .
>
> (6) New trials.--An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the lower court committed an error of law.

Pa.R.A.P. 311(a)(6).

As was true in Taylor, in the case at bar: "Appellant does not appeal an order granting a new trial, as required under Rule 311(a)(6), but rather an order denying his pretrial motion to dismiss on double jeopardy grounds. Accordingly, Rule 311(a)(6) is inapplicable here, and as a result, we cannot exercise jurisdiction on that basis." See Taylor, 120 A.3d at 1021.

Therefore, the only way we would have jurisdiction over this appeal is if the trial court's denial of Appellant's Double Jeopardy Motion constitutes a collateral order. See Pa.R.A.P. 313. Pennsylvania Rule of Appellate Procedure 313 declares:

> (a) General rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> (b) Definition. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. The note to Rule 313 states: "[e]xamples of collateral orders include orders denying pre-trial motions to dismiss based on double jeopardy in which the court does not find the motion frivolous." Pa.R.A.P. 313 note.

Also relevant to the case at bar is Pennsylvania Rule of Criminal Procedure 587(B). In relevant part, this rule declares:

> (B) Double Jeopardy
>
> . . .
>
> (3) At the conclusion of the [double jeopardy] hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.
>
> (4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.
>
> (5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that

- 4 -

determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B).

In Taylor, this Court held:

To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must [], inter alia, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

Taylor, 120 A.3d at 1022-1023 (footnote omitted).

Here, the trial court failed to comply with Rule 587(B)(4) through (6). Given this failure, "we are unable to decide whether we may exercise jurisdiction over this appeal." Id. at 1023. Therefore, we remand the matter to the trial court for compliance with Rule 587(B) and for the preparation of a

supplemental Rule 1925(a) opinion within 45 days of the date of this opinion.[2]

See also Commonwealth v. Kennedy, ___ A.3d ___ 1038 MDA 2018 (Pa. Super. 2018) (unpublished memorandum) at 4 (remanding the case and retaining panel jurisdiction because the trial court made no "determination as to whether the [defendant's] motion to dismiss [on double jeopardy grounds] was frivolous").

    Case remanded.  Panel jurisdiction retained.

_____

[2] As we noted in Taylor, "[o]ur retaining of jurisdiction over this appeal would not excuse Appellant's non-compliance with Criminal Rule 587([B])(5) and Appellate Rule 1573 in the event the trial court determines his double jeopardy motion to be frivolous."  Taylor, 120 A.3d at 1023 n.12.