J-S29020-20

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RACHID LEGUESSIR | : | |
| | : | |
| Appellant | : | No. 194 EDA 2020 |

Appeal from the PCRA Order Entered October 10, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002785-2010

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                          Filed: November 19, 2020

Appellant Rachid Leguessir appeals *pro se* from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition as untimely.  On appeal, Appellant challenges his 2016 guilty plea, alleging a lack of notice of a previously scheduled trial date and his counsel's failure to advise him of the immigration consequences of his plea.  We affirm.

The procedural history of this appeal follows.  On April 19, 2010, Appellant was charged in a criminal complaint with disorderly conduct, possession of a controlled substance, and possession of drug paraphernalia.[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 5503, 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

On July 6, 2010, the trial court entered an order granting the Commonwealth's motion to place Appellant in the accelerated rehabilitative disposition (ARD) program. According to Appellant, he was subsequently arrested and pled guilty to possession of a controlled substance in a separate case.[3] Appellant's Brief at 4 (referring to CP-23-CR-0006049-2010).

On March 22, 2013, the trial court entered an order in the instant case granting the Commonwealth's petition to remove Appellant from the ARD program and to list the case for trial. On June 3, 2013, the trial court issued a bench warrant for Appellant due to his failure to appear for trial.

On January 14, 2016, Appellant, who was represented by counsel, entered a negotiated guilty plea to possession of a controlled substance in the instant case. The trial court sentenced him to twelve months' probation.[4]

---

[3] The public docket for CP-23-CR-0006049-2010 lists the offense date for that case as July 15, 2010, and states that following his conviction, the trial court sentenced Appellant to time served to twelve months' incarceration. Appellant also states in his brief that the United States Immigration and Customs Enforcement (ICE) took him into custody in late 2010, but the removal proceedings against him were cancelled. Appellant's Brief at 4.

[4] The written guilty plea colloquy indicates that Appellant placed his initials next to the following statement:

> If I am not a United States citizen, my plea(s) of guilty or nolo contendere may subject me to **MANDATORY DEPORTATION** and other adverse immigration consequences. My attorney has answered, to my satisfaction, any questions I have had concerning adverse immigration consequences of this plea. I also acknowledge that I have had the opportunity to consult an attorney specializing in immigration-deportation law.

Appellant did not file a post-sentence motion or a direct appeal. The trial court rescinded the June 3, 2013 bench warrant for Appellant.

On April 20, 2016, the trial court issued a bench warrant for Appellant for a violation of his probation. On December 2, 2016, the trial court imposed a violation of probation (VOP) sentence of twelve months' probation and rescinded the April 20, 2016 bench warrant.

The trial court then issued a bench warrant for Appellant for a second probation violation on October 25, 2017. In a May 31, 2018 letter to the trial court, Appellant's probation officer requested that the trial court rescind the October 25, 2017 bench warrant because the new charges against Appellant in Lancaster County were nolle prossed. The probation officer also asked that the trial court close the instant case, because it was "past its maximum date." The trial court rescinded the October 25, 2017 bench warrant on May 31, 2018, noting the withdrawal of the Lancaster County charges against Appellant.

On August 30, 2018, the trial court received Appellant's *pro se* letter asserting that he was currently detained by ICE, requesting information in the instant case, and asking for "PCRA." Appellant's *Pro Se* Correspondence, 8/26/18, at 1. Appellant also referred to a warrant in this case "which was

_____

Guilty Plea Statement, 1/14/16, at 2 (unpaginated) (emphasis in original).

never vacated." *Id.* On September 10, 2018, the PCRA court received Appellant's *pro se* PCRA petition challenging his January 14, 2016 guilty plea.

On September 26, 2018, the PCRA court appointed counsel (PCRA counsel) to represent Appellant. On August 2, 2019, PCRA counsel filed an application to withdraw and a *Turner*/*Finley*[5] letter asserting that Appellant's petition was not timely filed and did not qualify for a timeliness exception under the PCRA.[6]

On August 12, 2019, the PCRA court entered a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. The PCRA court entered a separate order that same day granting PCRA counsel's application to withdraw.

On August 19, 2019, the PCRA court received Appellant's *pro se* "emergency motion for PCRA," maintaining that he was "never advised about the immigration consequences [of] doing [his] guilty plea deal." Emergency Mot. for PCRA, 8/19/19, at 1 (unpaginated). Appellant further noted that the probationary period of his VOP sentence ended on December 2, 2017, that "they actually closed the case[,]" and that he could not "reopen it." *Id.* at 2. Appellant requested that the PCRA court dismiss the underlying conviction or

---

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] Appellant filed additional *pro se* PCRA petitions while represented by PCRA counsel, as well as a *pro se* "informal letter request for pertinent information in regards of my PCRA and diligent lawyer-client communication" dated July 8, 2019.

"reopen" the instant case. *Id.* On October 2, 2019, the PCRA court entered the order dismissing Appellant's petition.

Although the PCRA court suggests that Appellant timely appealed, **see** PCRA Ct. Op., 1/23/20, at 2, the docket reflects that Appellant sent *pro se* correspondence requesting "PCRA petition and discovery" on that date. Filings Information, 1/27/20, at 6. Additionally, the record only contains Appellant's *pro se* letter, dated October 7, 2019, which states: "I am writing to request any discovery paperwork concerning [the present case] and also my PCRA petition documents." Appellant's *Pro Se* Correspondence, filed 10/10/19, at 1 (some formatting altered).

On December 10, 2019, Appellant filed an "order to show cause" stating that he was "informed that [his] appeal was in fact received back on [or] about . . . October 10, 2019" and requesting information on the appeal.[7] Appellant's *Pro Se* Order to Show Cause, 12/10/19, at 1. On December 31, 2019, the PCRA court entered an order requiring Appellant to file a Pa.R.A.P. 1925(b) statement. Order, 1/31/19, at 1. Appellant filed a "petition for review of the order dismissing PCRA petition without hearing" on January 16, 2020. Therein, Appellant restated his claim that he was not advised of the immigration consequences of his guilty plea in this instant case.

---

[7] Although Appellant certified that he mailed his order to show cause on December 10, 2019, his envelope was not included in the record, and it was docketed on December 26, 2019. We note that this Court issued a rule to show cause to why this appeal should not be quashed as untimely filed. This Court discharged the rule on April 6, 2020, and referred the issue to this panel.

The PCRA court filed a Rule 1925(a) opinion stating that Appellant timely appealed its October 2, 2019 order. PCRA Ct. Op. at 2. The PCRA court concluded that Appellant waived any claims on appeal by filing a defective Rule 1925(b) statement, but also asserted that it properly dismissed Appellant's PCRA petition as untimely. *Id.* at 4, 7.

Appellant presents the following questions for review:

1. Did the [trial court] fail[ ] not to inform Appellant about a trial schedule for June 3, 2013, when it revoked his participation in the ARD program? . . .

2. Did the [trial court] fail[ ] to issue a bench warrant, when the [c]ourt failed to notify Appellant about the trial scheduled in June 3, 2013, due to [the fact that] he was under supervisory release[ ] and he was reachable at the time?

3. Did the [trial court] fail[ ] to inform Appellant about the immigration consequences of his conviction, during the hearing?

4. [Whether] counsel's performance was deficient below an objective standard of reasonableness [and] prejudiced Appellant? . . .

Appellant's Brief at 6-7.

As suggested by his questions, Appellant argues that he is entitled to relief from his January 14, 2016 guilty plea and judgment of sentence, but does not respond to the PCRA court's opinion that his petition was untimely. *See id.* at 7-18. The Commonwealth responds, in part, that the PCRA court properly dismissed Appellant's petition as untimely. Commonwealth's Brief at 6.

We initially consider whether this appeal is properly before this Court. *See Commonwealth v. Baio*, 898 A.2d 1095, 1098 (Pa. Super. 2006) (noting that questions regarding this Court's jurisdiction may be raised *sua sponte*). It is well settled that a party must file a notice of appeal within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a).

Instantly, the PCRA court entered the order dismissing Appellant's PCRA petition on October 2, 2019.[8] The docket and record show that Appellant filed *pro se* correspondence on October 10, 2019, within thirty days of the order dismissing Appellant's petition. However, while Appellant's October 10, 2019 correspondence requested information regarding his case and a copy of his PCRA petition, nothing in his correspondence indicated that he intended to appeal.

Appellant, in a filing to this Court, asserted that he timely filed an appeal on October 18, 2019, and attached a certified mail receipt stamped October 18, 2019. Appellant's *Pro Se* Mot. for Leave to File Motion to Reopen Out of Time. However, the record does not reflect any filings around that time.

Instead, the record indicates that Appellant next filed his *pro se* "order to show cause" on December 10, 2019. Although Appellant asserted that he was informed that he filed an appeal on October 10, 2019, and requested

_____

[8] The order and the docket indicate that the PCRA court served Appellant with the order on October 2, 2019. The order also advised Appellant of the need to file an appeal within thirty days.

- 7 -

information regarding the appeal, his "order to show cause" was filed after the thirty-day period to appeal the PCRA court's October 2, 2019 order. **See** Pa.R.A.P. 903(a).

Accordingly, although the PCRA court states that Appellant's appeal was timely, **see** PCRA Ct. Op. at 2, nothing in the record or docket supports that conclusion. Therefore, it appears that quashal would be appropriate. **See generally Baio**, 898 A.2d at 1098-99. Nevertheless, given the PCRA court's suggestion that Appellant timely appealed, as well as some indications that Appellant may have either filed an appeal or received information that prevented him from pursuing his appeal in a timely manner, we will address the merits of this case. **See generally Commonwealth v. Khalil**, 806 A.2d 415, 420 (Pa. Super. 2002).

> The following principles govern our review:
>
> Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final

. . . ." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

An untimely PCRA petition may be considered if one of the following statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies." *Garcia*, 23 A.3d at 1062 (citation and quotation marks omitted)

Our Supreme Court has held that a petitioner's claim that he was not advised of the immigration consequences of a plea must be brought under the PCRA. *Commonwealth v. Descardes*, 136 A.3d 493, 494 (Pa. 2016). Nonetheless, a petitioner who is no longer serving a sentence is not eligible for relief under the PCRA. *See id.* at 497, 503 (noting that under Section 9543(a)(1)(i), "an individual must be 'currently serving a sentence of

imprisonment, probation or parole for the crime' in order to be eligible for relief").

Instantly, Appellant's claims arose from his January 14, 2016 guilty plea and judgment of sentence. Because Appellant did not file post-sentence motions or a direct appeal, his sentence became final on February 16, 2016.[9] **See** 42 Pa.C.S. § 9545(b)(1), (3); Pa.R.A.P. 903(c)(3). Therefore, the time period to file a PCRA petition expired on February 16, 2017, and the instant petition, filed in September of 2018, was untimely on its face.[10] **See** 42 Pa.C.S. § 9545(b)(1).

As noted by the PCRA court, Appellant failed to preserve any argument that an exception to the PCRA time bar applied. **See** PCRA Ct. Op. at 7. Moreover, Appellant does not argue any timeliness exception in this appeal. **See Garcia**, 23 A.3d at 1062. In any event, Appellant has not established that he would be eligible for PCRA relief, as it appears that he is no longer serving a sentence in connection with his January 14, 2016 guilty plea. **See Descardes**, 136 A.3d at 503.

In sum, because Appellant failed to raise or establish an exception to the PCRA time bar or otherwise prove his eligibility for PCRA relief, we conclude that the PCRA court's dismissal of Appellant's PCRA petition was

---

[9] The thirtieth day after Appellant's sentencing fell on a Saturday, and the following Monday was President's Day. **See** 1 Pa.C.S. § 1908.

[10] Even if Appellant's August 26, 2018 letter requesting information from the PCRA court was a PCRA petition, it was still facially untimely.

proper.  *See id.*; *Garcia*, 23 A.3d at 1062.  Accordingly, we affirm.  *See*

*Garcia*, 23 A.3d at 1061.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/20