J-S21021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RODNEY WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3951 EDA 2017 |

Appeal from the PCRA Order October 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0131281-1992

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                          **FILED MAY 06, 2019**

Rodney Williams (Appellant) appeals from the order dismissing as untimely his fourth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Following careful review, we affirm.

A prior panel of this Court discussed the history of this case as follows:

On August 3, 1991, Appellant robbed nineteen-year-old Derrick Thomas and then shot him in the head, killing him. Appellant fled but eventually was arrested. Following his arrest, Appellant confessed to the crime, claiming that he shot Thomas accidentally. On December 16, 1994, he was convicted by a jury of first degree murder, robbery, and possession of an instrument of crime.[1] After a penalty phase hearing, Appellant was sentenced to life imprisonment. We affirmed the judgment of sentence on May 19, 1997. *Commonwealth v. Williams*, 698 A.2d 1350 (Pa. Super. 1997) (unpublished memorandum).

Following the filing of our memorandum, no docket entries are posted until August 9, 2002, when Appellant filed a counseled

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 3701, and 907, respectively.

> PCRA petition, which he [erroneously] labeled as his third petition. In the petition, Appellant averred that on February 6, 2002, after learning of our disposition of his direct appeal, he petitioned the Pennsylvania Supreme Court for permission to file a petition for allowance of appeal *nunc pro tunc*, which was denied on April 16, 2002. After sending a Pa.R.Crim.P. 907 notice, the trial court denied the petition without a hearing on the basis that it was untimely.

*See Commonwealth v. Williams*, 867 A.2d 652 (Pa. Super. 2004) (unpublished memorandum). The dismissal of Appellant's first petition was affirmed on appeal. *Id.* Appellant's petition for allocator to the Pennsylvania Supreme Court was denied. *Commonwealth v. Williams*, 871 A.2d 191 (Pa. 2005) (unpublished memorandum).

Appellant filed his second PCRA petition on October 22, 2007, and this petition was dismissed on July 11, 2011. This Court affirmed the dismissal on March 2, 2012. *See Commonwealth v. Williams*, 47 A.3d 1234 (Pa. Super. 2012) (unpublished memorandum). Appellant's petition for allocator to the Pennsylvania Supreme Court was denied. *See Commonwealth v. Williams*, 74 A.3d 126 (Pa. 2013) (unpublished memorandum).

Appellant filed a third PCRA petition on March 26, 2012. Although the PCRA court sent notice pursuant to Pa.R.Crim.P. 907 that the petition would be dismissed without a hearing, the petition was never formally dismissed and no appeal was taken.

Appellant filed the instant *pro se* PCRA petition, his fourth, on March 21, 2016.[2]  In the petition, Appellant asserted that ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016) (extending the relief offered by ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), which held that sentences of mandatory life without parole for those under eighteen at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishments, retroactively to juvenile offenders on collateral review), had created a new constitutional right that entitled him to PCRA relief.  ***See*** PCRA Petition, 3/21/16, at 1-5.

PCRA counsel filed an amended petition on Appellant's behalf, arguing that because Appellant was only eighteen at the time of the murder, his mandatory sentence of life without parole was unconstitutional pursuant to the Fifth, Eighth, and Fourteenth Amendments of the United States and Pennsylvania Constitutions.  ***See*** Amended PCRA Petition, 4/21/17, at 1-4.

On May 9, 2017, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. Appellant filed a response in opposition to the dismissal notice.  On October 23, 2017, the PCRA court formally dismissed Appellant's petition.  On October 25, 2017, the PCRA court issued an additional order noting that Appellant's

---

[2] Appellant, an incarcerated prisoner, certified in his PCRA petition that he placed the petition in the hands of prison authorities for mailing on March 21, 2016.  ***See***, ***e.g.***, ***Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (noting that pursuant to the prisoner mailbox rule, a document is deemed filed when placed in the hands of prison authorities for mailing). Appellant's petition was received by the PCRA court on March 30, 2016.

petition was being dismissed based on a lack of merit pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Appellant timely filed the instant appeal. While the matter was on appeal but prior to this Court's decision, on December 20, 2017, the PCRA court issued an "amended order to correct clerical error" that purported to amend the court's previous order dismissing Appellant's PCRA petition.[3] *See* Order, 12/20/17, at 1. Appellant filed an appeal to the December 20, 2017 order; that appeal was docketed at 357 EDA 2018, but because the December 20, 2017 was a legal nullity, we quash the appeal by separate order.

Instantly, Appellant raises the following issues for review:

> 1. Where *Miller* and *Montgomery* instruct that sentencing a youth to a mandatory sentence of life without possibility of parole, without considering the factor of age and its attendant effects, constitutes a denial of the Eighth Amendment cruel and unusual punishment charge, did the [PCRA court] err in not granting Appellant the right to be resentenced as the documentary

---

[3] The December 20, 2017, order does not specify which prior order it is amending. The PCRA court entered two orders dismissing Appellant's petition, one docketed October 23, 2017 and one docketed October 25, 2017. Regardless, the amended order was entered either 60 or 58 days after the prior orders were docketed, and subsequent to Appellant's first appeal.

Generally, a court may modify an order within 30 days if no appeal has been taken, but may also modify any order within 30 days after entry to correct a mistake. *See* 42 Pa.C.S.A. § 5505; *Commonwealth v. Baio*, 898 A.2d 1095 (Pa. Super. 2006). However, where a court does not explicitly vacate a prior order within the 30-day period, orders post-dating the order are a legal nullity and may not form the basis for an appeal. *Commonwealth v. Liebensperger*, 904 A.2d 40 (Pa. Super. 2006). Accordingly, because the court did not explicitly vacate its prior orders within the appropriate time period, the December 20, 2017 order was a legal nullity. *Id.* Thus, by separate order, we quash Appellant's second appeal.

evidence reflects that he was like those who were less than a year younger than he was when Appellant's crime was committed?

2. Where it is clear that Appellant, who [was eighteen years of age] when his crime was committed, is similarly situated to those who were less than a year younger than he was, did the [PCRA court's] failure to extend the **Miller/Montgomery** holding to him violate the equal protection clause?

3. Where the Appellant is similarly situated to those under [eighteen years of age], did the [PCRA court's] failure to permit resentencing deny substantive and procedural due process, and access to the [c]ourts?

4. Where the [PCRA court] did not grant resentencing because it found that **Miller v. Alabama** did not apply to those over 18 years old when their crime was committed under the PCRA or any other statute, were the PCRA statute, habeas corpus statute and 18 Pa.C.S. § 1102 unconstitutional as applied to Appellant?

Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." **See Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the

- 5 -

PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).[4]

Appellant's petition is untimely. Appellant's judgment of sentence became final on June 18, 1997, thirty days after this Court affirmed his judgment of sentence, and he failed to petition the Pennsylvania Supreme

---

[4] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 2017, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. However, as Appellant's petition was filed in March 2016, the change does not affect our analysis.

Court for review. *See Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014); 42 Pa.C.S.A. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Accordingly, Appellant had until June 18, 1998, to timely file a PCRA petition. Appellant filed the instant petition on March 21, 2016, almost nineteen years too late. Therefore, we are without jurisdiction to consider Appellant's appeal unless he has plead and proved one of the three timeliness exceptions. *See Bennett*, 930 A.2d at 1267.

Appellant attempts to invoke the constitutional right exception under Section 9545(b)(1)(iii), on the basis that the relief provided by *Miller* and made retroactive by *Montgomery* should extend to offenders eighteen years old at the time of their crimes; in support of this contention, Appellant raises a number of constitutional challenges. *See* Appellant's Brief at 9-44. Additionally, because Appellant filed his petition within 60 days of the *Montgomery* ruling, he has ostensibly satisfied the requirements of Sections 9545(b)(1)(iii) and (2).

This Court recently re-examined this issue *en banc* in *Commonwealth v. Lee*, --- A.3d ---, 2019 Pa. Super. 64 (Pa. Super. 2019) (*en banc*). In *Lee*, the defendant was eighteen years and nine months old when she was involved in a robbery that resulted in the death of the intended victim. *Id.* at *1. Following the publication of *Montgomery*, Lee filed a PCRA petition arguing that she was a "virtual minor" at the time of the commission of her crime, and

that "the rationale underlying the **Miller** holding, including consideration of characteristics of youth and age-related facts identified as constitutionally significant by the **Miller** Court, provides support for extending the benefit of **Miller** to her case." **Id.** at *2. Ultimately, this Court concluded that Lee had not satisfied a time bar exception, and stated:

> It is not this Court's role to override the gatekeeping function of the PCRA time-bar and create jurisdiction where it does not exist. The PCRA's time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Commonwealth v. Fahy**, [737 A.2d 214, 222 (Pa. Super.] 1999). The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling." **Id.**
>
> We recognize the vast expert research on this issue. If this matter were one of first impression and on direct appeal, we might expound differently. However, we are an error-correcting court. Until the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent. We conclude, as we did in **Commonwealth v. Montgomery** [181 A.3d 359 (Pa. Super. 2018)], [**Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016)], and [**Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013) *abrogation on other grounds recognized in* **Furgess**, *supra*, at 94], that age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar and we decline to extend its categorical holding.

**Lee**, at *8-9 (footnote omitted).

Accordingly, Appellant has failed to successfully plead or prove that he meets the new constitutional right exception to the timeliness requirements of the PCRA, 42 Pa.C.S.A. § 9545(b)(2)(iii), and the PCRA court did not err in dismissing his petition. **See** 42 Pa.C.S. § 9545(b); **Bennett**, 930 A.2d at 1267; **Ragan**, 923 A.2d at 1170; **Lee**, --- A.3d --- at * 8-9.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/19